## S. S. Porter v. William Brown.

1. INSTRUCTIONS—*Error in One May be Cured by Another.* — A.
error in one instruction may be corrected by the statements of another
2. VERDICTS—*When Not to Be Set Aside.*—When there is a conflict,
with an abundance of evidence on the part of the successful party con-
sidered by itself to support the finding, the verdict will not be set aside.

**Memorandum.**—Assumpsit.  In the Circuit Court of McLean County;
the Hon. THOMAS F. TIPTON, Judge, presiding.  Declaration, common
counts; plea, general issue; trial by jury; verdict and judgment for
plaintiff; defendants appeal.  Heard in this court at the November
term, 1893, and affirmed.  Opinion filed April 28, 1894.

KERRICK, LUCAS & SPENCER, attorneys for appellant.

JOHN A. FULWILER and ROWELL, NEVILLE & LINDLEY,
attorneys for appellee.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE
COURT.

Appellant, residing at Normal, owned a farm of 250 acres,
all in use, three or four miles distant.  In December, 1890, he
made a contract with appellee by which the latter and his
son were to work it and board such extra hands as might be
required.  For their work they were to receive $40 per
month—$22 for appellee's and $18 for his son's—he with
his family to occupy the farm house and have the use of a
cow, a truck patch and a team to tend it and to haul his
coal.  The parties differ in their testimony as to some par-
ticulars of the contract, not necessary to be here stated.
Appellee went on it February 10, 1891, and remained until
March 20, 1893.  He received but little money for the work
done and board furnished, being paid mostly, so far as he
was paid, in groceries and other necessaries supplied accord-
ing to his orders.  Failing to agree on a settlement, appellee
brought this suit, in assumpsit, on the common counts, which
was tried on the general issue, and resulted in a verdict for
plaintiff for $286.  After an unsuccessful motion for a new
trial and judgment entered, the defendant appealed.

He here complains of no action of the court except the giving of the first, third and fifth instructions asked for plaintiff, and the refusal to grant a new trial.

The first and third instructions alike told the jury they could not properly allow any item of defendant's account the evidence showed he did not intend when it was fur-nished to charge for, if any such were furnished; the vice alleged is that there was no evidence of any such item charged. Without now going over the abstract again to ascertain the fact, we recall one small charge for hauling wheat, which the plaintiff in rebuttal mentioned as such, and the defendant so understood him, as was shown by his following the statement immediately by denying that " he proposed to give Mr. Brown the hauling of the wheat."

The fifth was that, if the jury believed from the evidence that plaintiff rendered services for defendant and boarded his hands, he was entitled to recover therefor the contract price, if any there was, " and if no contract was made " (evidently meaning no express contract as to the price), " then the reasonable value of the same." The objection urged to this is that it did not limit the amount to the rea-sonable value as shown by the evidence. The next preced-ing instruction, however, had told the jury that " as to all items, if any, of defendant's set-off, the price of which the evidence shows not to have been agreed on, you should only allow the defendant the fair and reasonable price of such items as shown by the evidence; " and they could hardly fail to understand that the same rule applied to like items charged in plaintiff's account. And this was immediately followed by the first instruction asked and given for the defendant, which clearly announced it.

The only other point urged for a reversal of the judg-ment—that the verdict was against the evidence—we do not propose to notice particularly, because it appears, and is not denied, that upon it there was a sharp and substantial con-flict, with an abundance on the part of plaintiff, considered by itself, to support the finding. It was eminently a case for the jury.

The judgment will be affirmed.